IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
UNITED STATES OF AMERICA      *
                              *
     v.                       *    CR 321-008-12
                              *
ROSARIO CORTES-LOCENZO[1]     *
```

ORDER

Defendant Rosario Cortes-Locenzo has appealed the denial of bond pending trial of the case. Defendant has been charged in a 30-person drug conspiracy under 21 U.S.C. § 846 and with three counts of use of a communication facility in violation of 21 U.S.C. § 843(b).

In her motion, Defendant states that she is being held pursuant to the Order of United States Magistrate Judge Regina D. Cannon of the Northern District of Georgia. (Doc. No. 428, at 1.) This is not completely accurate. Defendant is being held without bond pursuant to the Order of Detention Pending Trial entered by United States Magistrate Judge Brian K. Epps following a detention hearing in this district on August 11, 2021. (See Order of Aug. 13, 2021, Doc. No. 274.) Notably, upon Defendant's arrest in the Northern District of Georgia, Magistrate Judge Cannon granted the

---

[1] Defense counsel states that this is not the correct spelling of Defendant's name though this spelling (Cortes-Locenzo) appears on the charging document – Indictment No. 3:21-CR-008, Doc. No. 3. The Government is forewarned that the misspelling of Defendant's name may become an issue moving forward.

Government's motion for detention at her initial appearance. In her Order of Detention, Magistrate Judge Cannon found that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community <u>and</u> by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. (<u>See</u> Order of Detention dated July 14, 2021, Doc. No. 124, at 9-11.)

At Defendant's initial appearance in this district, she requested a detention hearing. Following the detention hearing on August 11, 2021, Judge Epps determined that Defendant had failed to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) because (1) no condition or combination of conditions will reasonably assure the appearance of Defendant as required, and (2) no condition or combination of conditions will reasonably assure the safety of other persons and the community. (Order of Detention of Aug. 13, 2021, Doc. No. 274.) Judge Epps specifically mentioned therein the strength of evidence against Defendant and Defendant's status as an illegal alien. (<u>Id.</u> at 2.)

The Court reviews a Magistrate Judge's detention or release order *de novo*. <u>United States v. King</u>, 849 F.2d 485, 489-91 (11th Cir. 1988). Ordinarily, the Bail Reform Act provides that a defendant may be detained pending trial only if a "judicial officer finds that no condition or combination of conditions will

2

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). This rule implies a presumption in favor of release in many cases. When a defendant is charged with certain crimes, however, a presumption arises that the defendant is a flight risk and a danger to the community. See id. § 3142(e)(3). A drug offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § 801 et seq.) is one of those crimes. In this case, Defendant has been charged under 21 U.S.C. § 846 with conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, which carries a penalty of not less than ten years nor more than life imprisonment. (Doc. Nos. 3 & 4.) Thus, this is a rebuttable presumption case in favor of detention.[2]

On August 11, 2021, the Magistrate Judge conducted a hearing wherein the Government proffered evidence regarding its case against Defendant. In consideration of Defendant's appeal, this Court has listened to the proffer through the FTR recording

---

[2] It is of little moment to the Court that the Government did not "invoke" the rebuttable presumption in its motion for detention filed in the Northern District of Georgia on July 14, 2021 when Defendant was initially arrested. (See United States v. Cortes-Locenzo, Case No. 1:21-MJ-675 (N.D. Ga. 2021), attached as Exhibit 2 to Defendant's Appeal, Doc. No. 428.) First, the Government preserved its right to invoke the presumption in the motion for detention; second, this point was not raised at the detention hearing; and third, the Court is not bound by the Government's failure to "invoke" the presumption in its papers.

3

system.[3]  The proffer showed that a search of the home Defendant shared with her significant other, co-Defendant Jorge Hernandez-Pena, yielded bags of methamphetamine (372 grams in the toilet of the master bathroom), a large amount of cash (over $32,000), and drug-selling paraphernalia (scales, bags, a counterfeit currency detector, and a number of cell phones).  The Government also described the intercepted telephone conversations between Defendant and Defendant Hernandez-Pena, which reference cooking instructions (i.e., which pots to buy at the Home Depot, what temperature to use, how to work the burner) and instruction on the division and distribution of cash.  While Defendant initially challenged whether she was the female participant in these conversations in her opposition to the Government's motion for pre-trial detention (see doc. no. 270, at 5), at the hearing the defense portrayed the conversations as nothing more than general cooking instructions after the Government proffered evidence that the female's telephone number was tied to an account in Defendant's name and that the conversations reference the couple's children.  Given the context of the conversations, the Magistrate Judge determined that there is little doubt that Defendant knew about and participated in the methamphetamine distribution ring.  Based upon the strength of evidence as described, and in conjunction with her illegal alien status, the Magistrate Judge determined

---

[3] "FTR" refers to the Court's digital recording system, For the Record.

4

that Defendant did not rebut the presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community or will reasonably assure the appearance of Defendant as required.

Defendant's appeal to this Court focuses on her background in terms of her familial, financial, and residential ties to the community, her work history, and her four children, the three eldest of whom are enrolled in public schools in Atlanta, Georgia. Indeed, one of the four factors listed for a judicial officer's consideration of release is the history and characteristics of the defendant including her character, her family and community ties, employment, drug or alcohol use history, and criminal history. See 18 U.S.C. § 3142(g)(3). In the Court's estimation, however, these circumstances are offset by the fact that Defendant is an illegal alien. Add to this equation the fact that Defendant is facing a considerable sentence if convicted, the chance of flight is increased. The Court's analysis, however, does not end there.

The remaining three factors to be considered in determining the issue of detention involve or touch upon the circumstances of the charged criminal conduct: the "nature and circumstances of the offense charged," the "weight of the evidence against the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." See 18 U.S.C. § 3142(g)(1), (2) & (4). Importantly, Congress has determined that a person involved in a serious drug

offense is presumptively dangerous to public safety. The drug distribution ring in this case is considerable and deals in methamphetamine, a scourge on society. The Government's proffer at the detention hearing showed that Defendant cohabitated with a major actor in the conspiracy in a house that contained bags of methamphetamine, considerable cash, and drug-distributing paraphernalia. The intercepted telephone conversations indicate that Defendant was well aware of and participated in the drug conspiracy. Thus, the remaining factors weigh in favor of detention, and Defendant has failed to rebut the presumption that serious drug offenders are presumptively dangerous persons. Accordingly, Defendant has failed to meet her burden of production that she is not a flight risk, and even more so, that she is not a threat to public safety.

Accordingly, after a *de novo* review of the case, the Court **AFFIRMS** the Magistrate Judge's Order of Detention entered on August 13, 2021. Defendant Rosario Cortes-Locenzo shall be detained pending trial or some other resolution of the charges against her.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

6